UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

BRAYON JEROME WILLIAMS,                )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    Case No. 2:26-CV-12-SRW
                                       )
ANDREW PATTERSON, et al.,              )
                                       )
                Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of frequent-filer Plaintiff Brayon

Jerome Williams for leave to commence this civil action without prepaying fees or costs.

ECF No. 2. Based on the financial information provided, the Court finds that Plaintiff is

unable to pay the filing fee for this matter. As such, the motion will be granted and the

filing fee waived. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the pleadings

in this matter, the Court will dismiss this action for frivolity and failure to state a claim.

*See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to amend name will be denied. ECF

No. 3.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in

forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may

be granted. An action is frivolous if it "lacks an arguable basis in either law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action alleging violations of his constitutional rights. ECF No. 1. He names as defendants in the caption Andrew Patterson, Donald Bastian, Lauren Hays, Joshua Douglas, Jennifer Wilson, Jimmy Shinn, and Unknown Frankenwrath. *Id*. The only defendant listed within the body of the complaint is Andrew Patterson, of Marion County, Missouri. *Id*. at 2. Plaintiff lists Patterson's job title, but part of it is cut off, making it unclear what Patterson's job title is. It currently reads: "Executive administrater [sic] of prosecutorial du." *Id*.

Plaintiff mentions his arrest on January 24, 2025 in his complaint, but his claims are undecipherable. His entire statement of the claim is a single run-on sentence, which reads, in part:

> I was caused to answer to the Donald Bastian after Laurne [sic] Hays processed a claim filed by Andrew Patterson who acted in compliance of prohibited behaviors where his act caused the combined foresaid persons to engage in an act of prejudice that such a filing was made under the creation of artilce [sic] 2 and 4 which in combination caused me to believe that such actions shall not be established due to the behavior of the judiciary to keep all matters brought within the jurisdiction of justice to be kept in good standings….

*Id*. at 5.

For relief, Plaintiff's request is also senseless. He states, "I believe I am due the respect of both all parties involved as government body representatives, including neutral parties, and action should be caused properly w/o demands other than responses and settlements in order." *Id*.

3

**Discussion**

Having carefully reviewed and liberally construed the complaint, the Court finds that the allegations are frivolous. There is no sense to be made of the allegations contained in the complaint. It is unclear who the defendants are, what actions they took, how their actions harmed the Plaintiff, or how any of Plaintiff's rights were violated. Plaintiff strings together legal phrases and words, but they do not carry any meaning. Plaintiff's complaint is frivolous because it "lacks an arguable basis … in law or in fact." *Neitzke*, 490 U.S. at 325. In addition, the Court finds that these defects could not be remedied through amendment of the pleadings. As such, this action will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Alternatively, Plaintiff has failed to state a claim upon which relief can be granted as he has not provided any facts which state a claim to relief that is plausible on its face.

For the same reasons the Court deems the complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court will therefore certify that an appeal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3). Finally, Plaintiff's motion to amend name is as incomprehensible as the complaint and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

4

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend name [ECF No. 3] is **DENIED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE